IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS—EASTERN DIVISION

| | |
|---|---|
| PUFFIN COOLERS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A"<br><br>Defendants. | Case No. 22-cv-5655<br><br>Judge Mary M. Rowland<br>Magistrate Judge Jeffrey Cole |

**FINAL DEFAULT JUDGMENT ORDER**

This action having been commenced by Plaintiff Puffin Coolers, LLC ("Plaintiff") against the defendants identified on Schedule A, and using the Defendant Domain Names and Online Marketplace Accounts identified on Schedule A (collectively, the "Defendant Internet Stores"), and Plaintiff having moved for entry of Default and Default Judgment against the defendants identified on Schedule A attached hereto which have not yet been dismissed from this case (collectively, "Defaulting Defendants");

This Court having entered a preliminary injunction, Plaintiff having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendants received from domain name registrars and payment processors, the notice being reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections;

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering has expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted; and

1

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing and counterfeit versions of Plaintiff's federally registered trademarks, copyrights, and design patents ("Plaintiff's Intellectual Property")to residents of Illinois. In this case, Plaintiff has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using counterfeit versions of Plaintiff's Intellectual Property. *See* Docket No. [6], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing, and able to ship its counterfeit goods to customers in Illinois bearing infringing and/or counterfeit versions of Plaintiff's Intellectual Property.

Plaintiff's Intellectual Property is set forth below.

| REGISTRATION NUMBER | DESCRIPTION | INTELLECTUAL PROPERTY TYPE |
|---|---|---|
| 5,878,014 | PUFFIN **IC 021.** Insulating and protective sleeves for bottles, cans and other liquid or food containers | Trademark |
| 6,575,416 | FUN. TOGETHER. **IC 021.** Insulating and protective sleeves for bottles, cans and other liquid or food containers | Trademark |
| TXu 2-329-856 | Registration for text. | Copyright |
| VA 2-314-760 | Registration for a group of published photographs. | Copyright |

| | | |
|---|---|---|
| US D940,509 S | The ornamental design for an insulating sleeve for a beverage container, as shown and described. | Design Patent |
| US D946,353 S | The ornamental design for an insulating sleeve for a beverage container, as shown and described. | Design Patent |

This Court further finds that Defaulting Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510 *et seq.*), design patent infringement (35 U.S.C. §271), copyright infringement (17 U.S.C. § 501(a)), and civil conspiracy.

Accordingly, this Court orders that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. using the Plaintiff's Intellectual Property or any reproductions, infringing copies, or colorable imitations in any manner in connection with the manufacturing, distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff product or not authorized by Plaintiff to be sold in connection with the Plaintiff's Intellectual Property;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff product or any other product produced by Plaintiff, that is not Plaintiff's

      or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Plaintiff's Intellectual Property;

  c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

  d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and/or which may bear any of Plaintiff's trademarks or any reproductions, counterfeit copies or colorable imitations thereof.

2. The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, and the domain name registrars, including, but not limited to, GoDaddy Operating Company LLC, Name.com, PDR LTD. d/b/a/ PublicDomainRegistry.com, and Namecheap Inc., within seven (7) calendar days of receipt of this Order, shall, at Plaintiff's choosing:

  a. transfer the Defendant Domain Names to Plaintiff's control, including unlocking and changing the registrar of record for the Defendant Domain Names to a registrar of Plaintiff's selection, and the domain name registrars shall take any steps necessary to transfer the Defendant Domain Names to a registrar of Plaintiff's selection; or

      b. disable the Defendant Domain Names and make them inactive and untransferable.

3. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc., AliExpress, Alibaba Group Holding Ltd. ("Alibaba"), Amazon.com, ContextLogic, Inc. d/b/a Wish.com ("Wish.com"), Walmart, Inc., Shopify, Inc., Etsy, Inc., Joom, and DHgate.com (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

      a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell counterfeit and infringing goods using the Plaintiff's Intellectual Property; and

      b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Plaintiff's Intellectual Property, or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine Plaintiff product or not authorized by Plaintiff to be sold in connection with the Plaintiff's Intellectual Property.

4. Upon Plaintiff's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 4, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated

with Defaulting Defendants in connection with the sale of counterfeit and infringing goods using Plaintiff's Intellectual Property.

5. Pursuant to 15 U.S.C. § 1117(c)(2) and 17 U.S.C. § 504(c)(2), Plaintiff is awarded statutory damages from each of the Defaulting Defendants in the amount of $10,000. for willful use of counterfeit Plaintiff's Intellectual Property on products sold through at least the Defendant Internet Stores. This award shall apply to each distinct Defaulting Defendant only once, even if they are listed under multiple different aliases in the Complaint and Schedule A.

6. Any Third Party Providers holding funds for Defaulting Defendants, including PayPal, Inc. ("PayPal"), Payoneer, Alipay, Alibaba, Wish.com, Ant Financial Services Group ("Ant Financial"), Stripe, and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 5 above) or other of Defaulting Defendants' assets.

7. All monies (up to the amount of the statutory damages awarded in Paragraph 5 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as PayPal, Payoneer, Alipay, Alibaba, Wish.com, Ant Financial, and Amazon Pay, are hereby released to Plaintiff as partial payment of the above-identified damages, and Third Party Providers, including PayPal, Payoneer, Alipay, Alibaba, Wish.com, Ant Financial, Stripe and Amazon Pay, are ordered to

release to Plaintiff the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

8. Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

9. In the event that Plaintiff identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at the e-mail addresses provided for Defaulting Defendants by third parties.

10. To obtain release of the bond previously posted in this action, Plaintiff's counsel must file a motion for the return of the bond once the preliminary injunction no longer applies to any Defendant.

This is a final judgment.

Dated: March 8, 2023

Mary M. Rowland
United States District Judge

7

# SCHEDULE A
# To Default Judgment Order

| DOE No. | Merchant Name | Merchant ID | Merchant URL |
|---|---|---|---|
| 6 | Yiwu Navi Bag Co., Ltd. | cn-navibag | https://cn-navibag.en.alibaba.com |
| 21 | Wuxi Ourbo Textile Co., Ltd. | ourbo | https://ourbo.en.alibaba.com |
| 28 | Yiwu Union Deal Imp&Exp Co., Ltd. | uniondeal | https://uniondeal.en.alibaba.com |
| 40 | Home & Garden & you | 1101192473 | https://www.aliexpress.com/store/1101192473 |
| 65 | A to Z Life Store | 1101295397 | https://www.aliexpress.com/store/1101295397 |
| 66 | HG Warm Decor Store | 1101296016 | https://www.aliexpress.com/store/1101296016 |
| 88 | Xinl3 HG Store | 1101332847 | https://www.aliexpress.com/store/1101332847 |
| 180 | WZX Life DropShipping Store | 1101877530 | https://www.aliexpress.com/store/1101877530 |
| 235 | AVND | A1H1CQ6V4YCGSP | https://www.amazon.ca/sp?_encoding=UTF8&marketplaceID=A2EUQ1WTGCTBG2&seller=A1H1CQ6V4YCGSP |
| 295 | Shine Wind | A2VY24SGX0R4WJ | https://www.amazon.com/sp?_encoding=UTF8&marketplaceID=ATVPDKIKX0DER&seller=A2VY24SGX0R4WJ |
| 315 | Pimea | A3H5QHTV7H21LJ | https://www.amazon.com/sp?_encoding=UTF8&marketplaceID=ATVPDKIKX0DER&seller=A3H5QHTV7H21LJ |
| 316 | guangL14 | A3HA5B2CF7JPSA | https://www.amazon.com/sp?_encoding=UTF8&marketplaceID=ATVPDKIKX0DER&seller=A3HA5B2CF7JPSA |
| 403 | Qingtian Yingying Electronic Commerce Co., Ltd. | 101043394 | https://www.walmart.com/reviews/seller/101043394 |
| 404 | Shenzhen Dali Industry Co., Ltd. | 101043434 | https://www.walmart.com/reviews/seller/101043434 |
| 405 | Shanghai Leiyuan Energy Technology Co., Ltd. | 101043436 | https://www.walmart.com/reviews/seller/101043436 |

| 407 | Shenzhen Linglangxi Network Technology Co., Ltd. | 101043449 | https://www.walmart.com/reviews/seller/101043449 |
|---|---|---|---|
| 409 | Store shopping | 101044677 | https://www.walmart.com/reviews/seller/101044677 |
| 410 | shenzhenshimeihuidawangluokejiyouxiangongsi | 101044684 | https://www.walmart.com/reviews/seller/101044684 |
| 422 | zhengzhouzienlvxingsheyouxiangongsi | 101115706 | https://www.walmart.com/reviews/seller/101115706 |
| 425 | DHQMY Store | 101118032 | https://www.walmart.com/reviews/seller/101118032 |
| 430 | shenzhenshishilongwangluokejiyouxiangongsi | 101130159 | https://www.walmart.com/reviews/seller/101130159 |
| 433 | huaxuan | 101139209 | https://www.walmart.com/reviews/seller/101139209 |
| 434 | Guangzhou Konglongyu Maoyi Youxian Gongsi | 101173149 | https://www.walmart.com/reviews/seller/101173149 |
| 436 | Guangzhou Zhenglushi Dianzi Shangwu Youxian Gongsi | 101173285 | https://www.walmart.com/reviews/seller/101173285 |
| 443 | Wuhan Xinshidudianzishangwu Youxiangongsi | 101176954 | https://www.walmart.com/reviews/seller/101176954 |
| 448 | Shenzhenshi feilidi Maoyi Youxiangongsi | 101189192 | https://www.walmart.com/reviews/seller/101189192 |
| 449 | Shenzhenshi Bosite Maoyiyouxiangongsi | 101190333 | https://www.walmart.com/reviews/seller/101190333 |