UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

Puffin Coolers, LLC,

                Plaintiff,

v.

The Partnerships and Unincorporated Associations Identified in Schedule "A,"

                Defendants.

No. 22-cv- 05655

Judge Mary M. Rowland
Magistrate Judge Sheila M. Finnegan

## STIPULATED CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT NUMBERED 403

    Plaintiff, PUFFIN COOLERS, LLC and the Defendant listed on Schedule "A" to the Complaint as number 403 (Qingtian Yingying Electronic Commerce Co., Ltd.,), by and through their undersigned counsel, hereby stipulate and agree to the entry of a Consent Final Judgment as follows:

    1.    Defendant 403, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with it are hereby permanently restrained in the United States:

        a.    From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing and/or using Plaintiff's the trademark(s) PUFFIN, FUN.TOGETHER., design patents US D940509, US D946353, and copyrights VA0002314760, TXU002329856 (collectively, "Plaintiff's Intellectual Property") in the United States or any confusingly similar trademarks other than those actually manufactured or distributed by Plaintiff; and

        b.    From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff,

1

bearing and/or using Plaintiff's Intellectual Property, in the United States, or any confusingly similar trademarks, in the United States; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing and/or using Plaintiff's Intellectual Property, in the United States, or any confusingly similar trademarks; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any Defendant, including, but not limited to, any assets held by or on behalf of any Defendant;

2. Defendant 403, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with them shall immediately discontinue in the United States the use of Plaintiff's Intellectual Property, or any confusingly similar trademarks, on or in connection with all Internet based e-commerce stores that serves customers in the United States owned and operated or controlled by them.

3. Defendant 403, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with them shall immediately discontinue, until further Order of this Court, the use of the Plaintiff's Intellectual Property, or any confusingly similar trademarks, within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user in the United States or serves to direct computer searches to Internet based e-commerce stores that serves customers in the United States registered, owned, or operated by Defendant 403.

4. Defendant 403, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with them shall immediately

destroy any goods for sale in their possession in the territory of the United States bearing and/or using the Plaintiff's Intellectual Property, or any confusingly similar trademarks.

5. Defendant 403 acknowledges the validity and enforceability of Plaintiff's Intellectual Property and its rights in the Plaintiff's Intellectual Property in the United States and shall not act to contest the validity of, injure, or discredit Plaintiff's trademarks, copyrights and design patents, nor file any proceedings with the U.S. Patent & Trademark Office or with any court of law in the United States to challenge Plaintiff's rights in Plaintiff's Intellectual Property.

6. Defendant shall pay Plaintiff a settlement amount of $2,000.00 (two thousand dollars) for which judgment is entered and execution may issue.

7. Upon full receipt of the settlement amount, Plaintiff will dismiss its claims against Defendant 403.

8. This Consent Final Judgment shall be conclusive for purposes of collateral estoppel regarding all issues that have been or could have been brought on the same operative facts.

9. This Court will retain continuing jurisdiction over this cause to enforce the terms of this Consent Final Judgment.

10. Marketplace Walmart.com. shall return the account of Defendant back to unrestrained status, if not already done, in accordance with Walmart's operating procedures and contract for services with Defendant 403.

11. The parties acknowledge that each shall be responsible for their legal fees and costs incurred in connection with this agreement and any disputes arising hereunder. Neither party shall be responsible for the legal fees or costs of the other party.

Dated: March 23, 2023

| PUFFIN COOLERS, LLC | Qingtian Yingying Electronic Commerce Co., Ltd. |
|---|---|
| By:/s/James E. Judge | By: /s/Lydia Pittaway |
| James E. Judge (IL Bar No. 6243206)<br>**Flener IP Law, LLC**<br>77 W. Washington St., Suite 800<br>Chicago IL 60602<br>312-724-8874<br>jjudge@fleneriplaw.com | Lydia Pittaway, Of Counsel<br>**Ford Banister LLC**<br>305 Broadway - Floor 7<br>New York, NY 10007<br>Telephone:  +1 212-500-3268<br>lpittaway@fordbanister.com |

*Attorneys for Plaintiff*

**So Ordered:**

Dated:  March 24, 2023

_____
Mary M. Rowland
United States District Judge